(78 South. 864)

UNITED BROTHERS OF FRIENDSHIP AND SISTERS OF MYSTERIOUS TEN et al. v. C. S. HUFFMAN AUDITING CO. (6 Div. 627.)

(Supreme Court of Alabama. Jan. 24, 1918. On Rehearing, April 25, 1918.)

1. INSURANCE ☞691—COMMISSIONER OF INSURANCE—EXAMINATION OF INSURANCE SOCIETY—PAYMENT OF EXPENSE.

Where, upon request of the Grand Master of an insurance society, the state insurance commissioner directed plaintiff to examine the society's books under Acts 1911, p. 717, § 24, providing that the expense of examination shall be paid by the society upon certificate therefor by the commissioner, until issue of such certificate the society cannot be compelled to make payment therefor.

2. BILLS AND NOTES ☞537(3) — ACTIONS — TRIAL—DIRECTED VERDICT.

Where in an action on notes the defendants' plea of want of consideration was sustained by the undisputed evidence, the general affirmative charge requested by defendants in writing should have been given.

On Rehearing.

3. INSURANCE ☞691—EXAMINATION OF INSURER—CONTRACTS.

Where an insurance society requested examination of its books and the state commissioner appointed plaintiff examiner, the society's relations were solely with the commissioner, and it did not incur contractual liability to the examiner, who was merely an agent of the insurance department, but was liable only upon certificate of expense from the commissioner.

4. OFFICERS ☞94—FEES—LAW OF CONTRACTS —APPLICATION.

The principles of law governing contractual relations and obligations in ordinary cases cannot be accorded their ordinary operation and effect in dealings between public officers or their deputies and individuals with respect to fees and compensations provided by law.

5. INSURANCE ☞695—EXAMINATION OF INSURERS — EXPENSE — FIXATION BY COMMISSIONER—WAIVER.

It cannot be presumed that the Grand Master of an insurance society had authority, nor that he was specially authorized, to waive the fixation of the amount of expense for its examination by the insurance commissioner as provided by law.

6. INSURANCE ☞691—EXAMINATION OF INSURER—EXPENSE.

Where the Grand Master of an insurance society was not authorized to request the state insurance commissioner for its examination or bind the society by any contract in its name, the society could not become liable to the examiner independent of the commissioner's certificate of costs of the examination authorized by statute.

7. INSURANCE ☞691—EXAMINATION—FEES—DEMAND.

A demand by an examiner appointed by the state insurance commissioner under Acts 1911, § 24, providing that the insurer pay costs of examination, upon an insurer for compensation in advance of the commissioner's certificate therefor is a demand for an official fee not legally due, and is within the spirit, if not the terms, of Code 1907, § 3693, providing that fees must be held penal and no fee must be demanded or received except in cases expressly authorized by law.

8. INSURANCE ☞691—EXAMINATION FEES— ILLEGAL DEMAND—DEFENSES.

It is no answer to the objection that an examiner's demand against an insurer for his fee prior to the commissioner's certification of its amount, is an unlawful demand for a fee, to say that the commissioner would fix some amount, a quantum meruit, since the special deputy commissioner had no right to fix his fee.

Appeal from Circuit Court, Jefferson County; J. J. Curtis, Judge.

Action by the C. S. Huffman Auditing Company against the United Brothers of Friendship and Sisters of Mysterious Ten and another. Judgment for plaintiff, and defendants appeal. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

W. P. McCrossin and Geo. E. Bush, both of Birmingham, for appellants. Leader & Ewing, of Birmingham, for appellee.

SOMERVILLE, J. The action is on several promissory notes executed by one J. S. Jackson, and by the United Brothers of Friendship, etc., a corporation, by said Jackson, as Grand Master of the state branch of said society, which was engaged in the business of insuring its members. The payee brings the action against Jackson and the society as makers of the notes.

[1] In January, 1915, pursuant to the request of one Howze who was then Grand Master of the society, the state insurance commissioner, proceeding under section 24 of the act of April 24, 1911 (Acts 1911, p. 700), directed the plaintiff to examine said society, which he did by an examination and audit of their books and records. Said act provides that:

"The expense of such examination shall be paid by the society examined, *upon statement furnished by the commissioner* (italics supplied)."

No such statement has ever been made or furnished by the commissioner, but in June, 1915, the plaintiff made claim upon said Jackson, who had become Grand Master of the society, for $700 as compensation for said examination, and obtained from him the notes sued on, which were founded solely upon that consideration. One of the special defenses pleaded is that the notes sued on were without consideration.

It is clear that neither of the defendants were under any sort of obligation to pay the private demand of the plaintiff. The society was liable for the payment of such an amount as might be fixed and certified to it by the insurance commissioner, and its authorized notes for that obligation would have been founded upon a legal consideration. But un-

---

til that certificate was furnished there was no obligation to pay for an examination not requested by the society itself.

[2] The conclusion cannot be avoided that, as defendants' plea of want of consideration was fully sustained by the undisputed evidence, the general affirmative charge should have been given for them as requested in writing. As this conclusion would seem to dispose of the present suit, other questions raised need not be considered.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.

On Rehearing.

SOMERVILLE, J. Conceding that the Grand Master of the defendant society could have created an obligation on its part to pay to the plaintiff company the value of its services in this behalf, by requesting of plaintiff the performance of such services, yet the situation here is radically different.

[3] Defendant's relations were solely with a department of the state government, and the request for the examination of its affairs was made to the head of that department. Defendant did not thereby assume or incur any contractual liability to an agent of the department who merely executed the department's orders in the discharge of a public duty. Plaintiff acted as the assistant of a public officer, and was entitled to no compensation whatever except and when that compensation was fixed by the insurance commissioner. Until that was done there was in law no obligation and no debt. The compensation to be allowed was strictly analogous to an official fee, and section 3693 of the Code provides that:

"The law of fees and costs must be held to be penal, and no fee must be demanded or received except in cases expressly authorized by law."

A violation of this inhibition is simply official extortion. We are satisfied that the notes given by the Grand Master in the name of defendant were not founded upon a legal consideration, and that they are therefore unenforceable.

[4, 5] The principles of law that govern contractual relations and obligations in ordinary cases cannot be accorded their ordinary operation and effect in dealings between public officers, or their deputies, and individuals, with respect to fees and compensations provided by law. The undisputed evidence here shows that plaintiff's manager, Huffman, "called upon J. S. Jackson, who was at that time the Grand Master of said society, and obtained from him a series of notes in settlement of the balance for services," and that Huffman represented himself as a "deputy insurance commissioner." If it be conceded that the defendant society might have waived the fixation of the amount by the insurance commissioner, and privately agreed upon the amount named in the notes, there is yet no evidence that it did so, for it cannot be presumed that Jackson, as Grand Master, had any such authority, nor that he was specially authorized thereto by the society. This question is wholly distinct from that of Jackson's authority to sign the notes in the name of the society—an authority which could have been challenged only by a proper plea of non est factum.

[6] Recurring to the written request made by Howze, in the name of the society, for an examination of its affairs, the evidence shows without dispute that as Grand Master he had no authority to make such a request, nor to bind the society by any contract in its name, and the evidence does not show that the society authorized such action by him. Hence the theory of independent liability for work and labor done by plaintiff at defendant's request is without support in fact. This being true, there was no obligation on defendant's part to pay anything until the commissioner furnished it with a statement of the expense incurred by the department in that behalf.

[7] Plaintiff's demand upon defendant's chief officer for $700 as compensation for official services, in advance of the commissioner's statement to defendant of the amount due therefor, was an official demand for an amount, in effect a fee, not legally due, and was within the spirit, if not the terms, of the statute (Code, § 3693), which prohibits either its demand or its reception, except as expressly authorized by law.

[8] It is no answer to this to say that some amount would be fixed by the commissioner anyway, and hence that some amount, a quantum meruit, was due from the time the service was completed. The plaintiff's manager, as a special deputy commissioner, had no authority to fix the amount, and his demand for an amount fixed by himself was a demand for compensation not authorized by law.

Application overruled.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.